### TOM HALFMOON v. STATE.

No. A-4650.    Opinion Filed Nov. 25, 1924.

(230 Pac. 294.)

(Syllabus.)

**Intoxicating Liquors—Evidence Insufficient to Sustain Conviction of Unlawful Possession.** In a prosecution for unlawful possession of intoxicating liquor, evidence examined, and held insufficient to support the verdict and judgment of conviction.

Appeal from County Court, Washington County; Robert D. Waddill, Judge.

Tom Halfmoon was convicted of a violation of the prohibitory law, and he appeals. Reversed.

J. C. Daugherty, for plaintiff in error.

The Attorney General, for the State.

DOYLE, J. The information in this case charges that the defendant, Tom Halfmoon, on or about the 7th day of February, 1922, did "have possession of certain spirituous, vinous, fermented, malt, and intoxicating liquors, to wit, 60 gallons

of mash, said mash being then and there a liquid capable of being used as a beverage and containing more than one-half of one per cent. alcohol, measured by volume, with the unlawful intent then and there on the part of him, the said Tom Halfmoon, to sell, barter, give away, exchange, or otherwise furnish the same, contrary to," etc.

Upon his trial the jury returned a verdict finding him guilty as charged in the information and fixing his punishment at confinement for 30 days in the county jail and a fine of $50. He has appealed from the judgment rendered upon such conviction. The errors assigned question the sufficiency of the evidence to support the verdict.

The evidence for the state shows that four officers went to the home of the defendant and found two barrels in the cellar of his smokehouse containing about 60 gallons of what they termed mash; that they took a fruit jar full of the liquid from each barrel.

M. M. Becker testified that he was chemist at the Dewey Portland Cement Plant, and received from the officers two jars, and made an immediate analysis of the two jars separately, and found 5.25 per cent. of alcohol in one jar and 3.99 per cent. of alcohol in the other jar; that he obtained this result by a distillation. No witness for the state testified that the liquid or the so-called mash was capable of being used as a beverage.

At the close of the state's evidence there was a motion by the defendant for a directed verdict on the ground that the evidence was insufficient to sustain a conviction, and because there was no evidence to show that the liquid was capable of being used as a beverage, which motion was overruled and exception allowed.

As a witness on his own behalf, Tom Halfmoon testified that he lived with his family on the place eight years; that when the officers came there he had 22 hogs; that the two barrels contained slop for his hogs, which was made of chops and water, which he had placed in the cellar so it would not freeze; that he did not use or intend to use the slop to violate the liquor laws. At the close of the testimony the defendant renewed his request for a directed verdict of acquittal.

The information was evidently drawn under section 7002, Comp. Stats. 1921, as section 1, chapter 42, Session Laws 1923-24, making it unlawful "to manufacture, ferment or possess, any compound mixture, mash, wort or wash fit for distillation," was not in effect when this prosecution was instituted.

An essential element of the offense charged was that the liquid as alleged "was capable of being used as a beverage." There being no evidence to show or tending to show this essential element of the offense, the motion to direct a verdict should have been sustained.

Because the evidence is insufficient to sustain the verdict, the judgment is reversed.

MATSON, P. J., and BESSEY, J., concur.